| | |
|---|---|
| DISTRICT COURT, ARAPAHOE COUNTY, COLORADO<br><br>Court Address: Arapahoe County Justice Center<br>7325 South Potomac Street<br>Centennial, Colorado 80112 | DATE FILED: January 23, 2023 9:33 AM<br>FILING ID: 41E1006A24757<br>CASE NUMBER: 2023CV30115 |
| Plaintiff:   Michael Nance<br><br>v<br><br>Defendant: American Family Insurance Company | ▲COURT USE ONLY▲ |
| Counsel for Plaintiff<br>Matthew E. Bennett, Reg. No. 52705<br>Joseph Sirchio, Reg. No. 44675<br>Franklin D. Azar & Associates, P.C.<br>14426 East Evans Avenue<br>Aurora, Colorado 80014<br>Telephone: (303)757-3300<br>Facsimile: (303)757-3206<br>E-Mail: bennettma@fdazar.com<br>E-Mail: sirchioj@fdazar.com | Case Number:<br><br>Division/Crtrm: |
| **COMPLAINT FOR DAMAGES AND JURY DEMAND** | |

Plaintiff Michael R. Nance, by and through his attorneys, Franklin D. Azar and Associates, P.C., and for his Complaint against Defendant, states and alleges as follows:

## GENERAL ALLEGATIONS

1. Plaintiff, Michael Nance, is an individual and resident of the State of Colorado.

2. Defendant American Family Insurance Company, hereafter "American Family," is a corporation doing business in the State of Colorado.

3. Venue is proper in this action pursuant to C.R.C.P. 98.

4. The incident giving rise to this action occurred in the County of Arapahoe, State of Colorado.

5. This Court has jurisdiction over this matter pursuant to C.R.S. § 13-1-124.

6. ON or about August 31, 2019, Mr. Nance was involved in a rear-end auto collision with an underinsured motorist, Alexis Jones.

1

Exhibit A

7. Ms. Jones was underinsured for purposes of Mr. Nance's injuries, damages, and losses when the crash occurred.

8. Ms. Jones failed to slow in response to Mr. Nance's stopped vehicle on eastbound Highway 88 approaching Grant Street.

9. Ms. Jones's vehicle impacted the rear of Mr. Nance's vehicle.

10. Ms. Jones drove carelessly.

11. Ms. Jones failed to slow her vehicle in response to Mr. Nance's slowing and stopped vehicle.

12. Ms. Jones was negligent.

13. Ms. Jones's negligence caused the crash.

14. Mr. Nance was not negligent on the occasion in question.

15. Ms. Jones's negligent was the sole cause of the crash involving Mr. Nance.

16. Ms. Jones's negligence caused Mr. Nance to sustain injuries, damages, and losses.

17. No other person besides Ms. Jones was responsible for the collision.

18. No third party caused or contributed to the cause of the crash and/or Mr. Nance's injuries, damages, and losses.

19. Mr. Nance carried policy 41025-61309-73 with American Family when the crash occurred.

20. Policy 41025-61309-73 was active and in force when the crash occurred.

21. Policy 41025-61309-73 carried an underinsured motorist (UIM) bodily injury limit of $50,000 per person and $100,000 per incident when the crash occurred.

22. Mr. Nance submitted his claim to American Family in a timely manner.

23. Mr. Nance settled his claim with the tortfeasor insurance carrier Fred Loya.

24. The tortfeasor insurance carrier Fred Loya carried a bodily injury limit of $25,000 per person and $50,000 per incident when the crash occurred.

25. Mr. Nance received permission from American Family to settle his claim with Fred Loya for their policy limit of $25,000.

26. Mr. Nance has cooperated with American Family's investigation of his claim.

27. American Family has failed to reasonably investigate Mr. Nance's claim.

28. American Family has failed to properly evaluate Mr. Nance's noneconomic and physical impairment damages.

29. Mr. Nance has complied with the conditions in his contract with American Family.

30. Mr. Nance has supplied his medical records and bills for his treatment related to this crash.

31. Mr. Nance has requested payment of benefits owed from American Family.

32. American Family has delayed and denied UIM benefits owed to Mr. Nance in compensation of his injuries, damages, and losses.

33. American Family owes Mr. Nance UIM benefits.

34. American Family's own evaluation of Mr. Nance's UIM claim entitles Mr. Nance to UIM benefits.

35. American Family has denied payment of UIM benefits owed to Mr. Nance because it took a position out of accordance with Colorado law.

36. American Family's denial of UIM benefits to Mr. Nance lacks any reasonable basis under Colorado law.

37. American Family has conducted an incompetent evaluation of Mr. Nance's UIM claim.

38. American Family has not requested that Mr. Nance undergo an IME.

39. American Family has not consulted any medical expert for an opinion regarding Mr. Nance's injuries.

40. American Family does not dispute Mr. Nance was injured in the collision.

41. American Family does not dispute the nature and extent of Mr. Nance's injuries.

42. If American Family disputes Mr. Nance's injuries, it has failed to make Mr. Nance aware of this dispute. This failure to inform Mr. Nance about the dispute violates Colorado law and insurance regulations.

43. American Family has failed to make a reasonable offer to Mr. Nance for his underinsured motorist benefits.

44. American Family incomplete investigation has resulted in the delayed payment of underinsured motorist benefits to Mr. Nance.

45. American Family has failed to comply with Colorado's Unfair Claims Settlement Practices Act.

### FIRST CLAIM FOR RELIEF
### (BREACH OF CONTRACT-UIM BENEFITS)

46. Plaintiff incorporates all prior allegations as though fully set forth herein.

47. Sometime prior to the auto collision, Plaintiff entered a contract with Defendant American Family for the purpose of obtaining automobile insurance, which policy includes coverage for claims involving underinsured motorists.

48. Plaintiff has advised Defendant American Family of a claim for underinsured motorist benefits for this incident under its policy of insurance, and otherwise fully cooperated with Defendant American Family in connection with the claim.

49. Plaintiff is an intended beneficiary of Defendant American Family insurance policy/contract and is therefore entitled to enforce its terms.

50. Plaintiff is entitled to be compensated by Defendant American Family for all damages he has incurred, including significant medical bills and other expenses, pain, suffering, loss of enjoyment of life, loss of earnings and earning capacity, permanency, physical impairment, and disability under the under-insured motorist coverage of the policy.

### SECOND CLAIM FOR RELIEF
### (FIRST PARTY STATUTORY CLAIM
### UNDER C.R.S. § 10-3-1116)

51. Plaintiff incorporates all prior allegations as though fully set forth herein.

52. Defendant American Family has denied and delayed payment of underinsured motorist benefits to Plaintiff without a reasonable basis for its action.

53. Defendant American Family unreasonable position and conduct has caused Plaintiff damage by the loss of the compensation that is due to him, and which Defendant should have previously paid to him.

54. In accordance with C.R.S. §10-3-1116, Plaintiff is entitled to recover from Defendant American Family two times the covered underinsured motorist benefits plus reasonable attorney's fees and court costs.

### THIRD CLAIM FOR RELIEF
### (BAD FAITH)

55. Plaintiff incorporates all prior allegations as though fully set forth herein.

56. Defendant American Family owed Plaintiff a duty to act in good faith in reviewing, adjusting, and settling his claims.

57. Defendant American Family breached its duties to its insured, and acted in bad faith, through its conduct as described above and by engaging in the following, among other acts:

    a. Compelling this Plaintiff to institute litigation to recover amounts due him under the underinsured motorist bodily injury liability benefits afforded Plaintiff under the insurance policy.

    b. Favoring the interests of American Family, an insurer, over those of Plaintiff, an insured, to whom Defendant American Family owes fiduciary and statutory duties;

    c. Failing or delaying payment of reasonable compensation for the injuries, damages, and losses Plaintiff suffered at the hands of an uninsured motorist.

    d. Failing to investigate Plaintiff's medical expenses and lost wages or earning capacity.

    e. Failing to consider the full amount of Plaintiff's medical bills; and

    f. Incompetently evaluating Plaintiff's claim.

56. Defendant American Family actions were unreasonable.

57. Defendant American Family knew its conduct was unreasonable or disregarded the fact that its conduct was unreasonable.

58. As a direct result of Defendant American Family breaches of its duties to its insured, Plaintiff has been damaged including, but not necessarily limited to:

    a. Being forced to incur additional costs in litigation.

    b. Enduring the emotional trauma of being unnecessarily involved in a lawsuit with defendant; and

    c. Being deprived of the use of funds that would otherwise be used for such things as medical treatment and for lost wage coverage which should have been paid by now.

    WHEREFORE, Plaintiff prays for judgment against Defendant for all general damages, economic damages, all statutory and necessary costs including, but not limited to, expert witness fees and the expenses incurred in investigation and discovery required to present Plaintiff's claims, attorney fees and interest from the time of the occurrence, post-judgment interest at the requisite

rate, and for such other and further relief as this Court shall deem proper, just, and appropriate under the circumstances.

       PLAINTIFF REQUESTS A JURY OF SIX.

       Respectfully, submitted this 23rd Day of January 2023.

       FRANKLIN D. AZAR & ASSOCIATES, P.C.
       By: */s/ Matthew E. Bennett*
       Matthew E. Bennett. Reg. No. 52705
       Counsel for Plaintiff